DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

| | |
|---|---|
| SARA LYNN DOOLIN,<br>14908 Arbor Springs Circle, Apt. #303<br>Tampa, Florida 33624,<br><br>        **Plaintiffs,**<br><br> v.<br><br>JAMES V. KASIN, M.D., GOVERNOR<br>JUAN F. LUIS HOSPITAL AND MEDICAL<br> CENTER, and GREGORY MOORMAN,<br>M.D.,<br><br>        **Defendants.** | 2007-CV-0079 |

TO: Alan R. Feuerstein, Esq.
   James L. Hymes, III, Esq.

### ORDER DENYING DEFENDANTS' DEMANDS FOR COSTS SECURITY

THIS MATTER came before the Court upon Defendant James V. Kasin, M.D.'s Demand For Costs Security (Docket No. 9), Defendant Governor Juan F. Luis Hospital and Medical Center's Demand For Costs Security (Docket No. 10), and Defendant Gregory Moorman, M.D.'s Demand For Costs Security (Docket No. 11). This order is issued without necessity of response.

Defendants base their said demands upon V.I. Code Ann. tit. 5, § 547. However, Judge Moore of the Division of St. Thomas and St. John, in *Mossman v. Moran*, Civil No.

*Doolin v. Kasin*
2007-CV-0079
Order Denying Defendants' Demands For Costs Security
Page 2

2004-31, 2004 WL 1664010 (D.V.I. June 1, 2004), declared that said Virgin Islands statute does not apply to a diversity action in federal court. As explained by Judge Moore, "section 547 is clearly a rule of procedure rather than substance . . . ." *Mossman*, 2004 WL 1664010 at *3.

In *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), the United States Supreme Court held:

> [E]xcept in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state. And whether the law of the state shall be declared by its Legislature in a statute or by its highest court in a decision is not a matter of federal concern.

*Id*. at 78. Judge Reed, concurring, clarified, "The line between procedural and substantive law is hazy, but no one doubts federal power over procedure." *Id*. at 92 (citing *Wayman v. Southard*, 10 Wheat. 1, 6 L.Ed. 253). Thus, in *Yohannon v. Keene Corp.*, 924 F.2d 1255, 1265 (3d Cir. 1991), the United States Court of Appeals for the Third Circuit articulated, "[A] federal court sitting in diversity must apply the law of the forum state to questions that are 'substantive' but must use federal rules to govern 'procedural' maters." *Id*. at 92 (citing *Erie*, 304 U.S. at 92). Based upon the foregoing, Judge Moore concluded that Section 547 does not apply to diversity proceeding in this Court.

*Doolin v. Kasin*
2007-CV-0079
Order Denying Defendants' Demands For Costs Security
Page 3

The Court agrees and previously has found Section 547 to be procedural, and not substantive, in nature. The Court further applies Judge Moore's reasoning and, consistent with previous orders, holds that Section 547 does not apply to diversity proceedings in this Court.

Accordingly, it is now hereby **ORDERED**

1. Defendant James V. Kasin, M.D.'s Demand For Costs Security (Docket No. 9) is **DENIED**

2. Defendant Governor Juan F. Luis Hospital and Medical Center's Demand For Costs Security (Docket No. 10) is **DENIED**.

3. Defendant Gregory Moorman, M.D.'s Demand For Costs Security (Docket No. 11) is **DENIED**.

ENTER:

Dated: October 26, 2007                                /s/
                                              GEORGE W. CANNON, JR.
                                              U.S. MAGISTRATE JUDGE