IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| SARA LYNN DOOLIN | : | CIVIL ACTION |
| v. | : | |
| JAMES KASIN, et al. | : | NO. 07-79 |

MEMORANDUM

Bartle, C.J.                                                                              August 19, 2009

      Plaintiff Sara Lynn Doolin filed this medical malpractice lawsuit on June 28, 2007 against the Governor Juan F. Luis Hospital and Medical Center ("JFL Hospital") in St. Croix, Virgin Islands and two doctors employed by the hospital, James Kasin and Gregory Moorman. Doolin, a resident of Florida, premises subject matter jurisdiction on diversity of citizenship under 28 U.S.C. § 1332. She alleges that all defendants were negligent in diagnosing and treating her and that JFL Hospital was also negligent in its policies, procedures, assignment of work, supervision, and record keeping. Now before the court is the motion of the defendants to dismiss (incorrectly denominated a motion for summary judgment).[1]

---

1. While defendants characterize their motion as one for summary judgment, it is correctly a motion to dismiss since it contests this court's jurisdiction. See Int'l Ass'n of Machinists & Aerospace Workers v. Nw. Airlines, Inc., 673 F.2d 700, 710 (3d Cir. 1982). We are not being asked to decide the action on its merits.

I.

According to the complaint, Doolin, a nurse, was recruited in June, 2005 to St. Croix to assist in the formation of an open heart surgery program at JFL Hospital. While residing in St. Croix, she detected a small nodule on her right breast. On or about August 26, 2005 defendant Moorman, an obstetrician-gynecologist, performed a biopsy on the nodule. He sent the specimen to defendant Kasin who worked in the pathology department of JFL Hospital. Kasin examined the specimen and prepared a pathology report in which he concluded that Doolin had focal intraductal carcinoma accompanied by fibrocystic changes, in other words, breast cancer. He sent these findings back to Moorman who relayed them to Doolin. While the date of the pathology report is not provided, it could not have been later than September 9, 2009 when Doolin traveled to Owensboro, Kentucky to consult with a surgeon, Dr. Gerald Edds about her diagnosis.

Based on Kasin's report, Edds scheduled Doolin for an immediate lumpectomy. Dr. George Gilliam performed the lumpectomy at Owensboro Mercy Health System in Owensboro, Kentucky on or about September 9, 2005. The specimens removed during the lumpectomy and the mammogram performed post-surgery showed no evidence of cancer. Nevertheless, Gillman, in reliance on the Kasin report, referred Doolin to an oncologist to receive precautionary medication. The oncologist to whom Doolin was referred performed tests on the original pathology slides that

Kasin had prepared and determined that Doolin had never had cancer and that Kasin had misdiagnosed her.

Nearly two years later, on June 15, 2007, Doolin mailed a notice of her intent to file a claim to the Medical Malpractice Action Review Committee pursuant to V.I. Code. Ann. tit. 27, § 166i. On June 28, 2007, thirteen days later, she filed a complaint in this court. She seeks to be compensated for pain and suffering related to her misdiagnosis and for having to undergo unnecessary treatments, including medications and surgery.

II.

The defendants have moved to dismiss on two grounds. First, they argue that Doolin's failure timely to comply with the requirements of the Virgin Islands statute governing medical malpractice claims, V.I. Code. Ann. tit. 27, §§ 166 et seq, deprives us of subject matter jurisdiction. Second, they contend that diversity jurisdiction does not exist because defendant JFL Hospital is part of the Government of the Virgin Islands. For more than 100 years, there has been "no question that a State is not a 'citizen' for purposes of the diversity jurisdiction" under 28 U.S.C. § 1332(a). Moor v. Alameda County, 411 U.S. 693, 717 (1973). The same rule applies to the territories, including the Virgin Islands. 28 U.S.C. § 1332(e); Brown v. Francis, 75 F.3d 860, 865 (3d Cir. 1996). The facts as set forth in the complaint are not in dispute for present purposes in deciding the pending motion.

Section 166i of Title 27 of the Virgin Islands Code establishes a Medical Malpractice Action Review Committee and certain jurisdictional pre-filing procedures that a claimant must satisfy before a court can obtain subject matter jurisdiction. V.I. Code. Ann. tit. 27, § 166i; see Ference v. V.I. Family Sports & Fitness Ctr., 45 V.I. 345, 350-51 (Terr. V.I. Feb. 23, 2004). The language of § 166i(b) is unequivocal:

> No action against a health care provider may be commenced in court before the claimant's proposed complaint has been filed with the Committee and the Committee has received the expert opinion as required by this section, provided, that if said opinion is not received by the Committee within ninety days from the date the complaint was filed with the Committee, the claimant may commence his action against the health care provider in court; Provided further, That the commencement of the court action shall not prevent the Committee from obtaining the expert opinion.

A long line of cases in both the federal and territorial courts has held that the failure to file a complaint with the Medical Malpractice Action Review Committee ("MMARC") in compliance with § 166i(b) bars a court from hearing the claim. Missar v. Bucher, No. Civ. 206/02, 2004 WL 2203521, at *3 (Terr. V.I. Sept. 20, 2004) (collecting cases); see Berry v. Curreri, 837 F.2d 623, 626 (3d Cir. 1988). No court has held otherwise. Missar, 2004 WL 2203521, at *5.

Merely filing a complaint with the MMARC, however, is not enough. The statute expressly requires that a claimant allow the MMARC up to ninety days to obtain an expert opinion before the claimant may institute a lawsuit. V.I. Code. Ann. tit. 27, §

-4-

166i(b); Ference, 45 V.I. at 350.  In the case at bar, Doolin waited only thirteen days after giving notice to the MMARC on June 15, 2007 before she filed a complaint in this court.  It is undisputed that the MMARC had not yet obtained an expert opinion by that time.

With limited exceptions not relevant here, a medical malpractice claim in the Virgin Islands must be filed "within two (2) years from the date of the alleged act, omission or neglect." V.I. Code. Ann. tit. 27, § 166d.  In addition, as stated above, a claimant must also give the MMARC up to ninety days to obtain an expert opinion before proceeding to court.  The statute of limitations is not tolled during that time.

When § 166i was enacted in 1975 it provided for the tolling of the statute of limitations for up to ninety days while a complaint was pending before the MMARC.  Missar, 2004 WL 2203521, at *4.  In 1993, however, the Legislature deleted the tolling provision.  As this court aptly remarked in Missar,

> Thus it is reasonable to infer that the Legislature's intent was that the filing of the proposed complaint with the Committee would no longer toll the 2 year statute of limitations.  By ... [1993] the courts had been universally applying the rule of strict construction and dismissing cases in which the plaintiffs did not comply with 166i(b).  Therefore, it stands to reason that by removing the 90 day tolling provision, the Legislature intended for medical malpractice plaintiffs to file their claims within a two year period after the date the claim accrued, including a mandatory 90 day period during which the malpractice review committee must receive notice and have the opportunity to obtain expert review of the claim.

Id.

If we assume that Doolin's misdiagnosis occurred on September 9, 2005, the latest possible date according to the plaintiff's chronology of events, she should have filed notice with the MMARC no later than June 10, 2007 in order to leave time for the ninety day MMARC review and the filing of the lawsuit before the expiration of the statute of limitations on September 8, 2007. Doolin did not file her notice with the MMARC until June 15, 2007, and she brought this action before the MMARC obtained an expert opinion or exhausted its ninety day exclusive review period.

In sum, the Virgin Islands statute of limitations for medical malpractice actions is two years. However, before suit is filed, a plaintiff must file a notice with the MMARC. That Committee has ninety days to obtain an expert opinion and a plaintiff is barred from instituting suit until either an opinion is obtained or ninety days lapse. Thus, if a plaintiff waits to file a notice with the MMARC until less than ninety days before the statute of limitations expires, the court, of course, has no jurisdiction over any lawsuit filed while the MMARC is reviewing the claim and any lawsuit filed after the ninety day review will be too late since the statute of limitations is not tolled during that period. Because Doolin filed her notice with the MMARC less than ninety days before the statue of limitations ran and she filed her lawsuit just two weeks later, during the pendency of the MMARC review, the court has no subject matter jurisdiction.

Accordingly, we will grant the motion of the defendants to dismiss (incorrectly denominated a motion for summary judgment) for lack of subject matter jurisdiction because of the plaintiff's failure to comply with the requirements of V.I. Code. Ann. tit. 27, § 166i.