IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

SARA LYNN DOOLIN                :        CIVIL ACTION
                               :
        v.                     :
                               :
JAMES V. KASIN, M.D., et al.   :        NO. 07-79

MEMORANDUM

Bartle, J.                                      March 14, 2012

        Plaintiff Sara Lynn Doolin alleges that defendant
physicians James V. Kasin and Gregory Moorman committed medical
malpractice when they misdiagnosed her as having cancer while she
was a patient at the Governor Juan F. Luis Hospital and Medical
Center ("JFL Hospital") in St. Croix.  She initiated this lawsuit
on June 28, 2007.  Following the filing by defendants of a motion
for summary judgment, we dismissed the action on August 19, 2009
on the ground that the court lacked subject-matter jurisdiction.
We held that plaintiff filed her action outside the time
permitted by V.I. Code Ann. tit. 27, §§ 166d and 166i, and that
the failure was jurisdictional.  The Court of Appeals remanded
for a determination whether the parties were of diverse
citizenship and for reconsideration of our ruling under the
Virgin Islands statute.

        The court has before it three pending motions.  The
first is the defendants' original motion for summary judgment
asserting that the court lacks subject-matter jurisdiction over

the action.[1]  More recently, on September 15, 2011, defendants filed a second motion to dismiss the complaint in light of plaintiff's purported failure to satisfy the requirements of the Virgin Islands Tort Claims Act, V.I. Code Ann. tit. 33, §§ 3401, et seq.  Finally, on January 17, 2012, plaintiff filed a motion to amend the complaint to add additional defendants, the business entities through which Dr. Kasin and Dr. Moorman provide medical services at JFL Hospital.

I.

According to the verified complaint, Doolin, a citizen of Florida, moved to St. Croix on a temporary basis in June 2005. While residing on St. Croix, she detected a small nodule on her right breast.[2]  On or about August 26, 2005, defendant Moorman, an obstetrician-gynecologist at JFL Hospital, performed a biopsy on the nodule.  Defendant Kasin, a doctor in JFL Hospital's pathology department, examined the specimen and prepared a pathology report in which he concluded that Doolin had breast cancer.

---

1.  The defendants, as noted, styled their filing as a motion for summary judgment.  Because defendants disputed the court's subject-matter jurisdiction and did not seek a ruling on the merits of the plaintiff's claims, we construed the filing as a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  Doolin v. Kasin, No. 07-79, 2009 U.S. Dist. LEXIS 73675, at *1 n.1 (D.V.I. Aug. 19, 2009).

2.  We view the facts in the verified complaint in the light most favorable to Doolin, the non-moving party, and we draw all inferences in her favor.  See Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 290-1 (3d Cir. 1988).

On September 9, 2005, Doolin traveled to Kentucky to consult with a surgeon about her diagnosis. Based on Kasin's report, the surgeon scheduled Doolin for an immediate lumpectomy. The specimens removed during the lumpectomy and a post-surgery mammogram showed no evidence of cancer. Nevertheless, Doolin was referred to an oncologist who performed tests on the original pathology slides that Kasin had prepared and determined that Doolin had never had cancer and that Kasin had misdiagnosed her. It is undisputed that at the latest the statute of limitations began to run on September 9, 2005.

Nearly two years later, on June 15, 2007, Doolin mailed a notice of her intent to file claims for medical malpractice to the Medical Malpractice Action Review Committee ("MMARC") of the Virgin Islands pursuant to V.I. Code. Ann. tit. 27, § 166i. That statute, which established the MMARC, provides that certain procedures must be satisfied before filing a complaint for medical malpractice in court. V.I. Code. Ann. tit. 27, § 166i; see Brady v. Cintron, No. 10-14, 2011 V.I. Supreme LEXIS 37, at *9-*14 (V.I. Sept. 27, 2011); Ference v. V.I. Family Sports & Fitness Ctr., 45 V.I. 345, 350-51 (Terr. V.I. Feb. 23, 2004). In pertinent part, § 166i states:

> No action against a health care provider may
> be commenced in court before the claimant's
> proposed complaint has been filed with the
> Committee and the Committee has received the
> expert opinion as required by this section,
> provided, that if said opinion is not
> received by the Committee within ninety days
> from the date the complaint was filed with
> the Committee, the claimant may commence his

> action against the health care provider in
> court; Provided further, That the
> commencement of the court action shall not
> prevent the Committee from obtaining the
> expert opinion.

Claims for medical malpractice are subject to a two-year statute
of limitations.  V.I. Code. Ann. tit. 27, § 166d.

On June 28, 2007, thirteen days after filing her
proposed complaint with the MMARC, plaintiff filed a verified
complaint in this court against JFL Hospital and Drs. Kasin and
Moorman.  It is undisputed that the MMARC did not obtain an
expert opinion between June 15 and June 28, 2007.  Doolin,
nonetheless, averred that this court has subject-matter
jurisdiction over her claims under 28 U.S.C. § 1332.  See 48
U.S.C. § 1612.

Defendants asserted in their motion for summary
judgment that plaintiff failed to comply with § 166i by
initiating this lawsuit before waiting at least 90 days after
filing her proposed complaint with the MMARC.  Defendants argued
that this premature filing here deprived the court of subject-
matter jurisdiction.  After reviewing the statutory text and
cases interpreting § 166i, the court agreed with defendants that
it lacked subject-matter jurisdiction over the action.  It
explained that the action was filed before the expiration of the
90 day period for the MMARC to obtain an expert opinion with
respect to the alleged malpractice and that by the time the 90
day period had expired the two-year statute of limitations had

-4-

run.  Doolin v. Kasin, No. 07-79, 2009 U.S. Dist. LEXIS 73675, at
*5-*8 (D.V.I. Aug. 19, 2009).

Plaintiff appealed the dismissal of her action to the
Court of Appeals for the Third Circuit.  As noted above, the
Court vacated our order and remanded so that we could first
consider whether we had diversity jurisdiction over this action.
Doolin v. Kasin, 424 F. App'x 106, 109-110 (3d Cir. 2011).

We thereafter allowed the parties to take
jurisdictional discovery to uncover the relationship between the
Government of the Virgin Islands and JFL Hospital.  While
plaintiff is a citizen of Florida and Drs. Kasin and Moorman are
citizens of the Virgin Islands, defendants asserted that the
court nevertheless lacked subject-matter jurisdiction under
§ 1332 because defendant JFL Hospital was an alter ego of the
Government of the Virgin Islands.  It is settled that a state is
not a "citizen" within the meaning of the diversity jurisdiction
statute, and the U.S. Virgin Islands is deemed to be a "state"
for the purposes of § 1332.  See 28 U.S.C. § 1332(e); Moor v.
Alameda County, 411 U.S. 693, 717 (1973); Brown v. Francis, 75
F.3d 860, 865 (3d Cir. 1996).  At the conclusion of this
discovery period, we granted the plaintiff's unopposed motion to
dismiss JFL Hospital from all counts of the verified complaint.[3]

_____

3.  The court convened a phone conference with all counsel on the
motion of plaintiff to dismiss JFL Hospital.  Drs. Kasin and
Moorman did not oppose the dismissal of JFL Hospital.  See
Doolin, 424 F. App'x at 110 n.4.

Without the hospital as a party, it is clear that diversity of citizenship exists under § 1332.

II.

With the question of diversity jurisdiction resolved by the dismissal of JFL Hospital, we consider once again whether plaintiff's failure to file her proposed complaint with the MMARC in accordance with § 166i deprives this court of subject-matter jurisdiction.  The Court of Appeals did not reach the question whether the 90-day filing requirement of § 166i is jurisdictional in nature.  Id. at 111 n.5.  In a footnote, however, it questioned our analysis because we had not considered the effect of the Supreme Court's opinion in Kontrick v. Ryan, 540 U.S. 443 (2004) or its progeny.  Id.  The Court of Appeals directed us to reconsider whether filing a proposed complaint with the MMARC at least 90 days before filing suit in court is a jurisdictional requirement, a claims-processing rule, or a time-related directive.  Id.

Following remand of this action from the Court of Appeals, the Supreme Court of the Virgin Islands resolved this very question in a separate case.  It confirmed our conclusion that the filing requirement of § 166i is a jurisdictional limitation.  See Brady v. Cintron, No. 10-14, 2011 V.I. Supreme LEXIS 37, at *13-*14 (V.I. Sept. 27, 2011).  Brady involved a set of facts nearly identical to those now before the court.  In Brady, the alleged acts of malpractice occurred between June 19 and June 24, 2004.  Id. at *2-*3.  Brady filed her proposed

-6-

complaint with the MMARC nearly two years later with fewer than
90 days remaining on the two-year statute of limitations
applicable to medical malpractice claims in the Virgin Islands.
Id. at *3; see V.I. Code. Ann. tit. 27, § 166d.  Just four days
later, plaintiff initiated litigation in the Superior Court of
the Virgin Islands.  Brady, 2011 V.I. Supreme LEXIS at *3-*4.

        After reviewing the history and structure of § 166i and
related provisions and the interpretation given to a nearly
identical statute under Indiana law, the Supreme Court of the
Virgin Islands held that the 90-day filing requirement in § 166i
is jurisdictional and affirmed the dismissal of the action.  Id.
at *15-*16.  The court considered and rejected the possibility
that the 90-day filing requirement is a claims processing rule
under Kontrick and its progeny.  Id. (citing Reed Elsevier, Inc.
v. Muchnick, 130 S. Ct. 1237 (2010)).  It explained that the
Superior Court did not have jurisdiction over the action until
either the MMARC had received an expert opinion on the
malpractice issue or the 90 day period in which to do so had
expired.  Id. at *20.  Since no expert opinion was forthcoming,
jurisdiction could not exist until the 90-day waiting period had
elapsed.  Id.  By the time the Superior Court could have obtained
jurisdiction, the two-year statute of limitations had expired.
 Id. at *19-*22 & n.15; see V.I. Code. Ann. tit. 27, § 166d.

        As in Brady, there is no allegation the MMARC ever
received an expert opinion in this case, and Doolin did not wait
90 days from the date she filed her proposed complaint with the

MMARC to file this action.  As the court stated in its prior memorandum in this case:

> If we assume that Doolin's misdiagnosis occurred on September 9, 2005, the latest possible date according to the plaintiff's chronology of events, she should have filed notice with the MMARC no later than June 10, 2007 in order to leave time for the ninety day MMARC review and the filing of the lawsuit before the expiration of the statute of limitations on September 8, 2007.  Doolin did not file her notice with the MMARC until June 15, 2007, and she brought this action before the MMARC obtained an expert opinion or exhausted its ninety day exclusive review period.

Doolin, 2009 U.S. Dist. LEXIS 73675, at *7.  As in Brady, the court could not have acquired subject-matter jurisdiction over Doolin's claims until after the statute of limitations had run its course.  See Brady, 2011 V.I. Supreme LEXIS at *15-*22.

Because Doolin was foreclosed from bringing her claims for medical malpractice in the Superior Court of the Virgin Islands before 90 days had passed from the date she filed her proposed complaint with the MMARC, she also was foreclosed from bringing those claims in this court during that 90 day period. See 48 U.S.C. §§ 1612-13; Woods v. Interstate Realty Co., 337 U.S. 535, 537-38 (1949) (citing Erie R.R. v. Tompkins, 304 U.S. 64 (1938)); Edelson v. Soricelli, 610 F.2d 131, 134-35 (3d Cir. 1979).  By the time this court could exercise subject-matter jurisdiction over Doolin's claims, the clock had run.  V.I. Code Ann. tit. 27, § 166d; see Brady, 2011 V.I. Supreme LEXIS at *15-*22.  Accordingly, we will grant the motion of defendants for

judgment on the pleadings.  It is incorrectly styled a motion for summary judgment because no facts outside the pleadings were considered in the motion.[4]

As a result, defendants' motion to dismiss the complaint for plaintiff's alleged failure to comply with the terms of the Virgin Islands Tort Claims Act (Doc. 82) is now moot and will be denied as such.  Plaintiff's motion to amend the verified complaint to add as defendants the business entities through which Drs. Kasin and Moorman provided medical services at JFL Hospital (Doc. 98) also must be denied.  Plaintiff's failure to comply with the requirements of § 166i and the passage of time make any possible amendment against these entities futile.  See Jablonski, 863 F.2d at 292.

---

4.   In Brady, the Virgin Islands Supreme Court stated that the Superior Court should have dismissed the case under Rule 12(b)(6) of the Federal Rules of Civil Procedure on statute of limitations grounds rather than under Rule 12(b)(1) for lack of subject-matter jurisdiction even though the Superior Court lacked subject-matter jurisdiction when the complaint was filed.  Brady v. Cintron, 2011 V.I. Supreme LEXIS 37, at *20-*23 & n.15. Defendants Kasin and Moorman urge us to dismiss the complaint for lack of subject-matter jurisdiction.  As in Brady, we could not have obtained subject-matter jurisdiction over Doolin's claims until after the statute of limitations had expired.  We are not bound, of course, by the interpretation of the Federal Rules of Civil Procedure by the Supreme Court of the Virgin Islands. Nonetheless, whether characterized as an issue of jurisdiction or failure to state a valid claim for relief, the point remains that Doolin's claims cannot proceed.  In the interest of comity, we have styled the motion as one for judgment on the pleadings under Rule 12(c) since an answer has been filed.